IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

ANDREW BELL,                    )
                                )
           Plaintiff,           )
                                )
     v.                         )    No.  11 C 686
                                )
CITY OF HARVEY, ILLINOIS,       )
                                )
           Defendant.           )

                        MEMORANDUM ORDER

     City of Harvey, Illinois ("City") has noticed up for June 15, 2011 what its counsel labels "Defendant's Unopposed Motion for Leave To File a Responsive Pleading Instanter." Although counsel for plaintiff Andrew Bell ("Bell") is referred to in that motion as having no objection, this Court's view is otherwise--hence this sua sponte memorandum order.

     If what City's counsel had tendered had been an answer to Bell's Amended Complaint ("AC"), this Court would of course have had no problem with the filing--City's counsel has explained that the delay in filing a response was the result of an inadvertent oversight, and this Court does not recall ever having rejected such a delayed pleading or denying a like motion for an extension of time to file a responsive pleading. But in this instance what is proposed is a motion to dismiss Bell's AC,[1] and the reasons advanced by City leave something to be desired.

---

    [1] City's counsel had also moved to dismiss Bell's original Complaint, and that motion was essentially overtaken by the filing of the AC.

In brief, City's counsel unpersuasively call upon the Twombly-Iqbal canon as a ground for dismissal. That just won't fly, for the AC plainly alleges the requisite causal nexus between Bell's original charge of employment discrimination and City's alleged retaliatory activity ("a variety of retaliatory actions against plaintiff that were intended to dissuade plaintiff and other employees of the City of Harvey from complaining about discrimination").[2]

Accordingly leave to file the proposed pleading is denied. Instead City is ordered to <u>answer</u> the AC on or before June 14, 2011 (that date is chosen because the case is scheduled for a status hearing on June 15). Because one aspect of the AC and the currently proposed motion does require further clarification, however, City may include as an affirmative defense its claim that the AC is untimely because it does not relate back to the date of filing of the original Complaint.

                                                              _____
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: June 7, 2011

---

[2] That quoted allegation is followed by detailed allegations about the assertedly retaliatory acts and about Bell's EEOC charges regarding them, followed by EEOC's issuance of right-to-sue letters.