```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

ANDREW BELL,                      )
                                  )
               Plaintiff,         )
                                  )
     v.                           )     No. 11 C 686
                                  )
CITY OF HARVEY, ILLINOIS,         )
                                  )
               Defendant.         )
```

MEMORANDUM ORDER

On June 7 this Court issued a brief memorandum order ("Order") that rejected a proposed motion to dismiss that had been tendered by City of Harvey, Illinois ("City") in response to the Amended Complaint ("AC") that had been brought against it by Andrew Bell ("Bell"). Because the Order found that City's proposed dismissal for failure to state a claim was without merit, this Court ordered City to file an answer to the AC on or before June 14, 2011 (a date chosen because it immediately preceded a previously-scheduled June 15 status hearing--indeed, City's counsel had a set a June 15 presentment date for its proposed motion to dismiss).

City timely filed its Answer, including no fewer than nine affirmative defenses ("ADs"). But because City's counsel offices out in the suburbs, he understandably transmitted the required chambers copy of the Answer by FedEx rather than by personal delivery. As a result, this Court did not receive its chambers copy of the Answer until after the status hearing, so that it had

no opportunity to identify orally for counsel the problematic aspects of that pleading that have occasioned the issuance of this memorandum order.

No aspects of the Answer itself appear to pose a problem, although defense counsel would probably have been better advised to admit the actions ascribed to City in AC ¶5(a) through 5(d), while at the same time retaining City's denial that its adverse employment actions were retaliatory. Where the responsive pleading runs into trouble, though, is in the attached set of purported ADs:

    1. AD 1 impermissibly repeats the mistaken view that City's counsel had previously manifested in moving to dismiss both Bell's original Complaint and the AC. Quite apart from counsel's dubious inclusion of the equivalent of a Fed. R. Civ. P. ("Rule") 12(b)(6) motion as though it were a proper AD, City's need to accept Bell's allegations as true (as Rule 12(b)(6) requires) is fatal to City's challenge of the AC. Accordingly AD 1 is stricken as insufficient in law.

    2. AD 2 calls upon "the applicable statute of limitations" as a ground for barring Bell's claims in whole or in part. That, however, misses the point that the AC's allegations as to employer conduct that may have taken place outside of the time frame for a Title VII retaliation claim

2

may nonetheless be appropriate to evidence City's allegedly retaliatory motives. Moreover, AD 2 is insufficiently informative under the principles of federal notice pleading applicable to plaintiffs and defendants alike. So AD 2 is also stricken, but without prejudice to its possible reassertion in fleshed-out terms if City has an objective good faith basis for doing so (on that score, see Rule 11(b)).

    3. AD 3 is framed in purely speculative terms and is thus inappropriate for one of the reasons stated above as to AD 2. In addition, it is difficult to conceptualize just how an employer can have taken "prompt and effective action reasonably calculated to remedy" retaliatory actions--except perhaps by rescinding those actions (and nothing in the AC suggests any such backtracking on City's part). Hence AD 3 is stricken as well.

    4. Although AD 4 is also framed in speculative terms, it does state a potentially viable defense. It will be permitted to stand.

    5. AD 5 simply sets out a proposition of law without providing any connection to Bell's allegations. And what was said earlier about AD 2 applies here as well. Accordingly AD 5 is also stricken.

    6. AD 6 is partly hypothetical and, alternatively, is

a meaningless assertion of a principle of law--again a principle unrelated to Bell's allegations as such.  Once more dismissal is called for (an action that does not prejudice City in any way, for the AD can be advanced later if, as and when the factual development in the case justifies it and the revised AD provides an appropriate explanation.

	7.  AD 7 is totally meritless in its presently generalized form.  It will not do for City's counsel to pick an item or items out of the laundry list set out in Rule 8(c) without backing it or them up in factual terms sufficient to meet the notice pleading requirement.

	8.  That is true as to AD 8 as well.  It is simply bad practice for counsel to throw in everything but the kitchen sink (an approach that contributes nothing to the advancement of the litigation), rather than being attentive to the particulars of the case under consideration.

	9.  AD 9 also contributes nothing, and it is stricken as well.  If future developments were indeed to uncover any appropriate AD, City (whether with or without the purported reserved right) would have to move for leave to file a further pleading, at which time this Court would consider the propriety of such action.

As indicated, all of the present ADs except for AD 4 have

been stricken. Because this memorandum order has been issued sua sponte, so that no work by Bell's counsel was required, City's counsel will not be subjected to any sanction for the inappropriate pleading (except of course for an admonition to avoid such bad habits in the future).

                                           _____
                                           Milton I. Shadur
                                           Senior United States District Judge

Date: June 16, 2011