IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 686 |
| | ) | |
| CITY OF HARVEY, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

This Court's June 21, 2013 memorandum opinion and order ("Opinion," 2013 WL 3199976 (N.D.Ill. June 21))[1] (Dkt.50) found that Andrew Bell ("Bell") had one chance to survive the summary judgment motion filed by the City of Harvey ("City"): For that purpose the Opinion said that Bell had to show, through a supplemental submission, that a reasonable jury could find he suffered a particularized harm from City's decision not to let him work on the first shift at all during 2008. Only then could a jury find that he was the subject of a materially adverse action in accordance with the standard embodied in Washington v. Ill. Dep't of Revenue, 420 F.3d 658 (7th Cir. 2006).

Bell has now filed his supplemental submission, claiming with the support of a newly-filed affidavit that his 2008 work schedule caused friction in his marriage and prevented him from spending time with his family. Through a footnote, Bell also asks this Court to reconsider its rejection of his ADEA claim based on a one-

---

[1] Further citation of the Opinion will simply refer to the * pagination in the Westlaw reproduction.

day suspension (see Opinion at 11-12). In doing so Bell cites to two cases from Wisconsin district courts, neither of which was mentioned in his original memorandum or reply brief.

City first responds by arguing that Bell's affidavit should not be accepted, given that discovery in this case has been closed. But if this Court were to accept Bell's affidavit, City asks that it be given time to engage in further discovery in support of its motion as well. As another string to its bow, City contends that even without any further evidence that it might glean through such added discovery, Bell has not provided sufficient evidence for a jury to find that his 2008 shift assignment caused him a particularized harm. Finally, City's response adds two other contentions:

    1. It would be inappropriate for this Court to revisit its determination on the one-day suspension issue and

    2. Bell has failed to show that his statutorily-protected activity was the cause of his 2008 shift assignment.

To begin with, Bell's affidavit will not be stricken. As is common in litigation, an issue in this case has come into sharper focus through the process of briefing followed by this Court's take on the parties' competing positions, and Bell should not be punished for failing to have foreseen the need for the affidavit to deal with the judicial resolution of those positions. But this Court agrees that City ought to have a limited opportunity to obtain and present evidence needed to respond to Bell's newly-advanced affidavit and accompanying argument. Summary

judgment, after all, is intended as a substitute for trial when no material facts are in dispute (see Bank of Am., N.A. v. Mazon State Bank, 2007 WL 2714117, at *3-4 (N.D.Ill. September 17)), so that all relevant evidence ought to be presented at this time, just as it would be at trial. This Court will withhold judgment, therefore, until City has had that opportunity.

    This Court also agrees with City that it is inappropriate to revisit the question whether Bell's one-day suspension was a materially adverse action. Bell has no excuse for having failed to submit the case law he now presents in his original motion. And even if this Court were inclined to reconsider the issue, Bell's citation of two non-binding district court cases from Wisconsin would not alter its judgment. Hence Bell's request on that score is denied.

    But as for City's final contention--that Bell failed to confront the issue of causation in his supplemental submission--it is clear that City either failed to understand the Opinion or simply chose to ignore it. Opinion at *6-7 clearly states that a reasonable jury could find for Bell on the issue of causation and that the only issue still subject to argument is whether Bell's shift assignment could be deemed a materially adverse action. So the City's causation argument also must fail.

    In conclusion, then, this Court will defer its ultimate decision until City has an opportunity to engage in whatever limited discovery is necessary to counter Bell's supplemental submission and affidavit. For that purpose a due date for City's response will be set when the parties appear for the next status hearing, scheduled

for August 23, 2013.

_____
Milton I. Shadur
Senior United States District Judge

Date:   August 23, 2013