```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

ANDREW BELL,                       )
                                   )
            Plaintiff,             )
                                   )
      v.                           )    No. 11 C 686
                                   )
CITY OF HARVEY, ILLINOIS,          )
                                   )
            Defendant.             )

## MEMORANDUM ORDER

This Court had anticipated that the July 16 submission that it had ordered from plaintiff Andrew Bell ("Bell") would provide the final evidentiary piece required to solve the legal puzzle posed by the motion for summary judgment filed by defendant City of Harvey ("City"). But a review of that submission has revealed a significant gap in Bell's account that prevents resolution of the case just yet.

Bell asserts there that City's Police Chief Eaves "learned about the importance to me of working days," that the Chief "knew that I looked forward to spending summer activities with me family" and that he also knew "that not letting me work days would cause friction in my marriage" (B. Ex. 1 ¶8). But Bell provides nothing but his own ipse dixit to explain how Chief Eaves came to learn those things, whether they were communicated to him directly by Bell and, if so, when and in what manner such communication took place.

Without such evidentiary support,[1] it is impossible to determine whether unresolved issues of material fact remain on the issue of whether the City took material adverse action against Bell.  This Court accordingly grants Bell until December 3, 2013 to tender an appropriate affidavit addressing the matter, after which it can be determined whether any responsive input from defendant City is called for.

_____
Milton I. Shadur
Senior United States District Judge

Date:  November 20, 2013

---

[1]  If such support is forthcoming, this Court will of course couple its consideration with whatever reasonable inferences in Bell's favor are called for under conventional summary judgment principles.